UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

CHRISTOPHER L. LEVY,

    Plaintiff

v.

DEPLOYED SERVICES, LLC

    Defendant

Case No. 24-cv-381-AJ

## ANSWER

NOW COMES Defendant Deployed Services, LLC, by its attorneys, Jackson Lewis P.C., and answers the Complaint, sets forth affirmative defenses, and requests a jury trial.

**I.     ANSWER**

### PARTIES

1. Without knowledge. The phrase "without knowledge" means as follows: Defendant (1) lacks sufficient knowledge to form a belief as to the truth or accuracy of the allegations, (2) therefore denies such claims, and (3) leaves Plaintiff to his burden of proof.

2. Admitted.

### JURISDICTION AND VENUE

3. Without knowledge.

4. Admitted.

5. Admitted.

6. Without knowledge.

7. Denied that Defendant is a corporation. The remaining allegations are admitted.

8. Denied.

9. Admitted.

10. Denied.

11. Denied.

12. Admitted.

13. Without knowledge.

14. Denied.

## FACTS

15. Denied.

16. Without knowledge.

17. Without knowledge.

18. Without knowledge.

19. Without knowledge.

20. Without knowledge.

21. Without knowledge.

22. Admitted.

23. Denied.

24. Without knowledge.

25. Without knowledge.

26. Admitted.

27. Denied.

28. Denied.

29. Denied.

30. Admitted.

31. Denied.

32. Admitted.

33. Denied.

34. Denied.

35. Without knowledge.

36. Without knowledge.

37. Without knowledge.

38. Denied.

39. Without knowledge.

40. Without knowledge.

41. Without knowledge.

42. Denied.

43. Denied.

44. Without knowledge.

45. Without knowledge.

46. Without knowledge.

47. Without knowledge.

48. Without knowledge.

49. Without knowledge.

50. Without knowledge.

51. Without knowledge.

52. Without knowledge.

53. Without knowledge.

54. Without knowledge.

55. Without knowledge.

56. Without knowledge.

57. Without knowledge.

58. Without knowledge.

59. Without knowledge.

60. Without knowledge.

61. Without knowledge.

62. Denied.

63. Denied.

64. Without knowledge.

65. Denied.

66. Denied.

67. Admitted.

68. Admitted.

69. Without knowledge.

70. Without knowledge.

71. Without knowledge.

72. Denied.

73. Without knowledge.

74. Without knowledge.

75. Without knowledge.

76. Denied.

77. Denied.

78. Without knowledge.

79. Without knowledge.

80. Without knowledge.

81. Without knowledge.

82. Denied.

83. Denied.

84. Admitted.

85. Denied.

86. Denied.

87. Admitted.

88. Without knowledge.

89. Admitted.

90. Without knowledge.

91. Denied.

92. Denied.

93. Without knowledge.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Without knowledge.

**COUNT I**
**VIOLATIONS OF RSA 275-E:2**

100. Defendant incorporates by reference its responses above.

101. Denied.

102. Denied.

## COUNT II
## WRONGFUL TERMINATION

103. Defendant incorporates by reference its responses above.

104. Denied.

105. Denied.

106. Denied.

**II.  AFFIRMATIVE DEFENSES**

1. Failure to state a claim upon which relief can be granted.

2. This action is barred by the applicable statute(s) of limitations.

3. The claims have been satisfied by payment in whole or part.

4. The claims have been released or settled by agreement in whole or part.

5. Plaintiff has not exhausted administrative remedies.

6. Defendant asserts each of the following: accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; res judicata; statute of frauds; waiver; and doctrine of unclean hands.

7. Every action that Defendant took with respect to Plaintiff's employment was taken for legitimate business reasons and adhered to principles of law.

8. Defendant complied or made good faith efforts to comply with all state and federal laws at all relevant times.

9. Plaintiff did not suffer damages causally related or attributable to any act or omission of Defendant.

10. If Plaintiff suffered any damages, they were caused by his own acts or omissions.

11. Plaintiff's recovery is barred insofar as Plaintiff failed to mitigate damages.

12. Damages are limited by any applicable statutory cap on damages.

13. All actions that Defendant took with respect to Plaintiff's employment were reasonable, in good faith, and without actual or implied malice or the intent to interfere with Plaintiff's rights, thereby barring Plaintiff's alleged claims and damages, in whole or in part.

14. Defendant's actions were neither willful nor in disregard of Plaintiff's rights.

15. After-acquired evidence.

Defendant reserves the right to assert additional affirmative defenses and/or counterclaims as may become warranted before trial.

### III. **JURY TRIAL DEMAND**

Defendant demands a jury trial on all issues.

### IV. **REQUESTED RELIEF**

WHEREFORE, Defendant respectfully requests that this Honorable Court:

A. Enter judgment in its favor;

B. Dismiss the Complaint with prejudice;

C. Award Defendant its attorney's fees, costs, and expenses; and

D. Grant any further relief that the Court deems appropriate.

                                        Respectfully submitted,

                                        **DEPLOYED SERVICES, LLC**

                                        By its attorneys,

                                        **JACKSON LEWIS P.C.**

Dated: April 30, 2025                        /s/ John D. Prendergast
                                        John D. Prendergast, NH Bar #266236
                                        100 International Drive, Suite 363
                                        Portsmouth, New Hampshire 03801
                                        603.559.2700
                                        John.Prendergast@jacksonlewis.com

## Certificate of Service

      I hereby certify that a copy of the foregoing was this day served to opposing counsel through the Court's electronic filing system.

Date:   April 30, 2025                By:   /s/ John D. Prendergast
                                                      John D. Prendergast